UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 07-29-P-S |
| | ) | |
| HALVOR CARL, | ) | |
| | ) | |
| Defendant | ) | |

### RECOMMENDED DECISION ON MOTION TO SUPPRESS

Halvor Carl, charged with aiding and abetting three robberies, in violation of 18 U.S.C. §§ 1951(a) and 1951(2), and distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), Indictment (Docket No. 1), Counts One and Four-Six, moves to suppress any evidence gained as a result of an interrogation conducted after he was arrested on May 31, 2007, Second Motion to Suppress, etc. ("Motion") (Docket No. 82) at 1-2. Counsel for the government and for the defendant agreed to a set of stipulated facts, making an evidentiary hearing on the motion unnecessary, as they confirmed during a telephone conference on November 29, 2007. Docket No. 92. I recommend that the following findings of fact be adopted and that the motion be denied.

#### I. Proposed Findings of Fact

The parties have stipulated to the following relevant facts.

    1. The Indictment in this case charges Defendant and others with a series of armed robberies that occurred in York and Cumberland Counties in November 2004. Defendant is additionally charged in the same indictment with distribution of cocaine. During the investigation of this illegal activity conducted by local law enforcement and the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Defendant left a message in the general delivery mailbox of the United States Attorney's Office in early March 2005 indicating he had information about these robberies. In response, Defendant was interviewed by ATF Special Agent Michael Grasso on March 8, 2005.

1

>During that interview, Defendant told S/A Grasso a great deal of information about his co-defendants. At the end of the interview, Defendant advised he was having trouble remembering everything he wanted to tell ATF and expressed that he was not willing to provide any information about himself without a lawyer. Days later, Defendant was served with a grand jury subpoena and subsequently applied for court-appointed counsel. Robert C. Andrews, Esq. was appointed.
>
>2.  Following a period of inactivity, Attorney Andrews was again appointed for pre-indictment consultation as of December 19, 2005. The parties later attempted to resolve this case by plea without success. Defendant was indicted on the above-referenced charges on March 14, 2007 and an arrest warrant issued.
>
>3.  On May 31, 2007, that arrest warrant was executed on Defendant in Fredericksburg, Virginia by ATF Special Agent Kurk Broksas, United States Secret Service Agent Andrew Richter, and Deputy United States Marshal Robert Haase.
>
>4.  After Defendant was in custody, S/A Broksas read Defendant his *Miranda* warnings. Defendant stated he understood his rights and was willing to answer questions without the presence of an attorney. During the interview, however, Defendant told S/A Broksas that he was represented by counsel, Robert Andrews. Specifically, Defendant mentioned his attorney's name following his *Miranda* waiver when describing to the agents how Robert Andrews had explained to him that if he was convicted of pending state charges in Maine and then prosecuted by the federal government, the U. S. Attorney's Office might seek to punish him as a career criminal. Defendant went on to state that Robert Andrews told him they should avoid receiving the career criminal status. Defendant stated that he then left Maine for Virginia.
>
>5.  During the interview, Defendant also made several incriminating statements. Specifically, Defendant told S/A Broksas that he sold cocaine to Timmy Riley and Brian Black. Defendant went on to admit to the possession of one-third of a gram of cocaine in New Hampshire and 14 grams of cocaine in Maine.
>
>6.  Throughout the interview, Defendant was compliant. At no time did Defendant ask to speak to Attorney Andrews or any other attorney.

Stipulation Regarding Defendant's Second Motion to Suppress (Docket No. 91).

## II. Discussion

The gravamen of the defendant's motion is his contention that he could not waive his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), "unless counsel was present." Halvor Carl's Response to the Government's Objection, etc. ("Reply") (Docket No. 89) at 2. He asserts that "[t]he real issue that must be decided is the extent to which Mr. Carl's prior request for counsel protects him from the kind of interrogation conducted by the ATF in this case." *Id*. The first problem for the defendant with this argument is that, according to the stipulated facts, the defendant made no request for counsel after his May 31, 2007 arrest before he spoke with Broksas. To the contrary, he specifically told the interrogating agents after being informed of his rights that he was willing to answer questions without the presence of an attorney to represent him. Nothing in *Michigan v. Jackson*, 475 U.S. 625 (1986), upon which the defendant relies, Motion at 3, Reply at 2-3, requires the agents nonetheless to refrain from questioning the defendant until his lawyer was present.

The defendant apparently means to contend that the fact that his current counsel had been appointed to provide him with pre-indictment representation relating to the events that ultimately led to the instant charges means that he could not be questioned in the absence of his lawyer, regardless of his obvious waiver of that right following his arrest. Reply at 4. He does not suggest that his waiver was involuntary. Apparently, the defendant's position is that a law enforcement officer who arrests a defendant pursuant to a warrant from another jurisdiction may not question that defendant, regardless of the fact that he has made a knowing and voluntary waiver of that right after being informed of his rights, unless and until the arresting officer has determined whether the defendant has been or considers himself to be represented by a lawyer in the jurisdiction from which the arrest warrant issued. If he is so represented, the defendant says, he may be questioned only when that lawyer is present.

Again, nothing in *Jackson* supports this argument. In that case, both of the defendants involved had (i) requested counsel at their arraignments, at which the law enforcement officers who subsequently questioned them were present; (ii) subsequently waived their *Miranda* rights before having any opportunity to consult with counsel; and (iii) made incriminating statements before meeting with their appointed attorneys. 475 U.S. at 626-28. Here, the defendant had every opportunity to consult with his attorney before he was indicted. In addition, there is no suggestion that the law enforcement officers who questioned the defendant knew that he had been represented by counsel in Maine in connection with the charges on which the arrest warrant was based but before those charges were formally made. These distinctions are critical; they make *Jackson* inapplicable here. Indeed, the defendant's statement to Broksas about what his lawyer in Maine had told him suggests that he made his incriminating statement in a strategic attempt to avoid being treated as a career criminal in federal court.

The same is true of *United States v. Bender*, 221 F.3d 265 (1st Cir. 2000), the only First Circuit decision cited by the defendant, Reply at 6. That case is even more easily distinguished. The *Bender* defendant made incriminating post-arraignment statements to an undercover government agent while in prison awaiting trial. 221 F.3d at 267. No *Miranda* warnings were given. *Id*. Here, the *Miranda* warnings were given and no attempt to mislead the defendant was made.

### III. Conclusion

For the foregoing reasons, I recommend that the defendant's motion to suppress be **DENIED**.

### *NOTICE*

***A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum,***

4

*within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

  *Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

  Dated this 6th day of December, 2007.

              <u>/s/ David M. Cohen</u>
              David M. Cohen
              United States Magistrate Judge